IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JEFF SOBOROFF,  )
    a/k/a JEFFREY A. SOBOROFF,  )
)
    Plaintiff,  )
)
)    CIV-13-599-D
v.  )
)
FEDERAL TRANSFER CENTER, et al.,)
)
    Defendants.  )

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff filed a handwritten complaint on June 7, 2013, that was deficient. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and Plaintiff was ordered to file his complaint on the proper form. On July 1, 2013, Plaintiff filed an Amended Complaint (Doc. # 6) seeking damages. Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. # 13). On July 26, 2013, Plaintiff filed a "brief" apparently to supplement his Amended Complaint. (Doc. # 19).

Plaintiff also filed a Motion for Extension of Time to Cure Deficiencies (Doc. # 15), which is **DENIED as moot**. Plaintiff's "Motions to Appointment of Counsel, Extension of

1

Time Limit" (Doc. # 17), is **DENIED for the same reasons set forth in the Order entered on July 18, 2013**(Doc. # 14). Plaintiff's "Motion/Objection asking Court to Acknowledge Plaintiffs [sic] Mail is Opened While Plaintiff is Not Pressit [sic], Cease and Desist" (Doc. # 18) is **DENIED**.

In Plaintiff's Amended Complaint (Doc. # 6), Plaintiff names as Defendants Mr. Chapman, who is identified as a prison official employed at the Federal Transfer Center in Oklahoma City, Oklahoma ("FTC OKC"), and an unidentified physician's assistant employed at FTC OKC.[1] As Plaintiff's Amended Complaint reflects his intention to voluntarily dismiss all other Defendants from this action, **the Clerk of the Court is directed to terminate** Defendants Federal Transfer Center, Leavenworth Detention Center, Polk County Jail, Ottumwa Residential Facility, Muscatine County Jail, United States Marshal Service, and United States of America.

At the time Plaintiff filed his original Complaint in June 2013, Plaintiff was confined at FTC OKC. In the meantime, Plaintiff has been transferred to Federal Correctional Institution Allenwood ("FCI Allenwood") in Pennsylvania. See Plaintiff's Notice (Doc. #7)(advising Court that Plaintiff was transferred to FCI Allenwood on June 3, 2013).

I. Statutory Screening of Prisoner Complaints

---

[1] Although Plaintiff has included "Federal Trasfer [sic] Center" and "Lester, Unit Team" as Defendants in the caption of his Amended Complaint, Plaintiff has not named any Defendants in the body of the Complaint other than Defendant Chapman and the unidentified physician's assistant. Thus, it is assumed Plaintiff intends to dismiss all other previously-named Defendants from the action and that Plaintiff does not intend to name Mr. Lester as an additional Defendant.

2

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). On review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Defendant Chapman

A Bivens action is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Corr. Servs. Corp. v. Malesko, 534

3

U.S. 61, 66 (2001). Plaintiff's sole allegations in his Amended Complaint against Mr. Chapman are that Defendant Chapman "refused to allow inmates to file complaints for any reason" and "Mr. Chapman refused to allow me to grieve." Amended Complaint, at 1, 3. Plaintiff provides no dates or any specific facts concerning the nature of the claim. The Federal Bureau of Prisons ("BOP") provides all federal inmates with an administrative process to redress inmate grievances. See 28 C.F.R. §§ 542.10-542.15. To the extent Plaintiff is alleging that he was denied a constitutionally-protected right to use BOP's grievance procedure, Plaintiff has failed to state a plausible claim for relief under Bivens. See Green v. Corr. Corp. of America, 401 Fed.Appx. 371, 375 n. 4 (10th Cir. 2010)(unpublished op.)(noting federal inmate had no constitutional right to use the prison's grievance procedure).

Even generously construing Plaintiff's *pro se* allegations as a claim that Defendant Chapman denied a grievance, Plaintiff's allegations do not support a plausible claim against Defendant Chapman. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation" and "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)(quotations and citation omitted). Hence, Plaintiff's cause of action against Defendant Chapman should be dismissed without prejudice pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

III. Defendant "Physician's Assistant Name Unknown"

Concerning the only remaining Defendant named in the body of the Amended Complaint, Plaintiff alleges that Defendant "Physician's Assistant Name Unknown" "refused to supply prescribed non-narcotic pain relief and lumbar support" and "refused to provide peroxide or the non-narcotic muscle relaxant for back pain." Amended Complaint, at 2, 4. He alleges that the undescribed pain and/or muscle relaxant medications were "given at St. Johns hospial [sic] on 4/6/13," and that a judge named Celeste F. Bremer or Brewer "ruled or ordered peroxide be given to me to relieve oral bleeding and pain for periodontal condition" in an action he filed in the Eighth Circuit Court of Appeals in 2009-2011. Amended Complaint, at 4.

These claims are far too vague and conclusory to state a plausible claim for relief under Bivens against the unidentified physician's assistant. Plaintiff does not provide dates or other specific facts concerning the nature of his claim against the unidentified Defendant. Generously construing his allegations against this Defendant as asserting an Eighth Amendment claim, Plaintiff must allege that this Defendant was aware of a substantial risk of serious harm to Plaintiff. See Farmer v. Brennan, 511 U.S. 825, 847 (1994)(holding prison official acts with deliberate indifference "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it").

In his Amended Complaint and supplemental "brief," Plaintiff makes only a vague and conclusory allegation that he suffered a "head injury" in April 2013, a "spinal disability," and a "periodontal condition" in the past for which he was prescribed undescribed medications and peroxide and "lumbar support." The Amended Complaint contains no

5

allegations of knowledge by the unidentified Defendant of a substantial risk of serious harm to Plaintiff or, for that matter, any specific injury at all. See Munn v. Ward, 182 F.3d 932 (Table), 1999 WL 377286, * 1 (10th Cir. 1999)(unpublished op.)(holding district court properly dismissed claim under 28 U.S.C. § 1915(e)(2)(B) where prisoner "failed to satisfy the subjective and objective prongs of 'deliberate indifference' and thus failed to state an Eighth Amendment claim"). Consequently, Plaintiff's claims against Defendant unidentified physician's assistant should be DISMISSED without prejudice pursuant to 28 U.S.C. §1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

IV. Remaining Claims

The remaining claims asserted by Plaintiff in the Amended Complaint include a claim of denial of "religious accomodation [sic]," but none of the remaining claims name any particular individual as having participated in the alleged conduct. See Gallagher, 587 F.3d at 1069. Plaintiff refers to the Religious Land Use and Institutionalized Persons Act and the Americans with Disabilities Act, but Plaintiff fails to provide essential factual allegations sufficient to determine the nature of any claims arising under these provisions or what acts by whom are alleged to have violated the provisions. Thus, Plaintiff's remaining claims in the Amended Complaint should be dismissed without prejudice pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's claims should be

dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by   August 26th, 2013, in accordance with 28 U.S.C. § 636. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

IT IS SO ORDERED this   5th   day of    August   , 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE