IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JEFF SOBOROFF a/k/a          )
JEFFREY A. SOBOROFF,         )
                             )
              Plaintiff,     )
                             )
v.                           )          Case No. CIV-13-599-D
                             )
FEDERAL TRANSFER CENTER, *et al.*,  )
                             )
              Defendants.    )

# O R D E R

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Purcell recommends the dismissal of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief can be granted. Plaintiff has filed a timely written objection. Thus, the Court must make a *de novo* determination of the portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, seeks damages for alleged constitutional violations that occurred during his confinement at the Federal Transfer Center.[1] Judge Purcell concludes that Plaintiff is attempting to bring a civil rights action against federal officials pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), related to an alleged denial of access to inmate grievance procedures, denial of medical and dental care, and

---

[1] Other federal, state, and local facilities listed in Plaintiff's original pleading are not mentioned in his Amended Complaint [Doc. No. 6]. By the time Plaintiff filed the Amended Complaint, he had been transferred to a federal correctional institution in Pennsylvania.

denial of religious accommodation.[2]  Judge Purcell finds insufficient factual allegations to state a plausible claim, and finds that Plaintiff has not named any defendant who allegedly failed to accommodate his religious beliefs.

Plaintiff objects generally to Judge Purcell's findings, except Plaintiff confirms he does not wish to pursue a claim against the chaplain at the Federal Transfer Center.  Regarding issues of medical and dental care, Plaintiff explains he was denied medications and therapeutic aids that had previously proven effective in controlling his back pain and treating his periodontal disease, and he was denied grievance forms that would have enabled him to pursue administrative remedies.  Also, in his objection and other filings, Plaintiff complains of the confiscation of his legal papers, and requests legal representation and assistance.  Plaintiff denies intending to assert a *Bivens* claim, and argues that he has alleged constitutional deprivations for which he can pursue remedies under 42 U.S.C. § 1983.

Upon *de novo* consideration of the specific issues raised by Plaintiff's objection, the Court fully concurs in Judge Purcell's analysis and findings.[3]  First, Plaintiff cannot pursue a § 1983 action against federal employees for alleged constitutional violations; an action for damages under *Bivens* provides his available remedy.  *See Calrson v. Green*, 446 U.S. 14, 17-18 (1980); *see also Ashcroft*

---

[2]  Judge Purcell relies, in part, on the fact that the Amended Complaint names only two individual defendants in the body of the pleading.  An amended pleading supersedes the original one.  *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991); *see also Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  Also, the Federal Transfer Center is operated by a federal agency, the Bureau of Prisons, and the Amended Complaint provides no jurisdictional basis for an action against the federal government.

[3]  The court of appeals has adopted a firm waiver rule, under which "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."  *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The consequence of Plaintiff's failure to address a specific issue is a waiver of further review with respect to that issue.  *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

*v. Iqbal*, 556 U.S. 662, 675-76 (2009) ("the implied cause of action [under *Bivens*] is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983") (internal quotation omitted).  Second, Plaintiff has not alleged any facts from which to conclude that a lack of grievance forms or procedures, or a denial of legal materials, denied Plaintiff access to the courts or violated any other constitutional right.  Finally, Plaintiff has not provided sufficient factual allegations to state a plausible claim that the  physician's assistant at the Federal Transfer Center acted with deliberate indifference to a serious medical need, as required by *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976), and more recently, *Erickson v. Pardus*, 551 U.S. 89,  94 (2007).

For these reasons, the Court concurs in Judge Purcell's finding that the Amended Complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court further finds that all pending motions filed by Plaintiff should be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 21] is ADOPTED.  The Amended Complaint is DISMISSED without prejudice.  Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that all pending motions [Doc. Nos. 15, 17, 18 and 23] are DENIED.

IT IS SO ORDERED this 9th day of September, 2013.


_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE