IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFF SOBOROFF a/k/a<br>JEFFREY A. SOBOROFF,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL TRANSFER CENTER, *et al.*,<br><br>    Defendants. | Case No. CIV-13-599-D |

**O R D E R**

On September 9, 2013, the Court adopted the Report and Recommendation of United States Magistrate Judge Gary M. Purcell, and dismissed this action without prejudice to refiling. On October 23, 2013, Plaintiff, who appears *pro se*, filed an additional objection to the Report and Recommendation. Liberally construed, the objection could be considered a motion for relief from the dismissal under Fed. R. Civ. P. 60. *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (post-judgment motion served more than ten days, now 28 days, after entry of judgment is governed by Rule 60). Upon consideration under that rule, the Court finds no proper basis to reopen the case.

Rule 60(b) authorizes a district court to relieve a party from a final order or judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." To the extent the allegations and arguments presented in Plaintiff's

objection relate to issues addressed in the Report or the Order adopting it, Plaintiff's arguments were, or could have been, previously presented.[1] Upon consideration of the pertinent arguments, the Court finds that Plaintiff has not presented a reason that would justify relief under the "catchall provision" of Rule 60(b)(6), which is the only provision that appears to be implicated by his objection. *See Davis v. Kansas Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007).

A motion under Rule 60(b) is not a substitute for an appeal. *See id.* In this case, the deadline for Plaintiff to appeal the judgment of dismissal has not expired. *See* Fed. R. App. P. 4(a)(1)(B) (any party may appeal within 60 days in a civil case where the federal government, federal agency, or federal officer or employee is a party).

IT IS THEREFORE ORDERED that Plaintiff's post-judgment objection [Doc. No. 30], construed as a Rule 60(b) motion, is DENIED.

IT IS SO ORDERED this 28th day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Many allegations in the current objection appear to concern events at other correctional facilities and events that occurred after Plaintiff left the Federal Transfer Center.